EFFRON, Judge
(concurring in the result):
The crime of aiding and abetting through nonperformance of a duty has four components: (1) duty (the accused has “a duty to act”); (2) inaction (the accused “has a duty to interfere in the commission of an offense, but does not interfere”); (3) intent (the “noninterference is intended to ... operate as an aid or encouragement to the actual perpetrator” of the underlying crime); and (4) effect on the perpetrator (the “noninterference ... does operate as an aid or encouragement to the actual perpetrator”). Manual for Courts-Martial, United States pt. IV, para. l.b.(2)(b) (2005 ed.). Each of these components is essential. Regardless of whether the prosecution demonstrates duty, inaction, and intent, that is insufficient if the inaction does not actually aid or encourage the perpetrator. For example, it is not an offense under this provision if the perpetrator has no awareness of the presence of the person with the duty or if the perpetrator testifies that he or she acted without perceiving any aid or encouragement from the inaction.
In the context of a guilty plea, each of the four components must be addressed by the military judge and the accused. First, the *95 military judge must explain the four components in the course of explaining the elements. Second, the military judge must engage in a dialogue with the accused and ensure that there is a factual basis for the plea. Rule for Courts-Martial 910(e) and accompanying Discussion.
Here the plea was improvident because the military judge did not explain to Appellant that it was necessary for the perpetrator to be aware of Appellant’s nonperformance of a duty. In that context, the statements of Appellant during the plea colloquy did not address whether the perpetrator was, in fact, aware of Appellant’s inaction.